UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BROWN CHEVROLET COMPANY, INC. D/B/A BROWN DODGE CHRYSLER JEEP RAM AND D/B/A BROWN RAM TRUCK CENTER,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC,<br><br>Defendant. | Civil Action No. 5:18-cv-157 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant FCA US LLC ("FCA") hereby removes this action from the District Court of Medina County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.

### I.   PROCEDURAL BACKGROUND

1.   On January 16, 2018, Plaintiff Brown Chevrolet Company, Inc.. d/b/a Brown Dodge Chrysler Jeep Ram ("Plaintiff" or "Brown") filed an Original Petition against FCA (the "Petition") in the District Court of Medina County, Texas captioned *Brown Chevrolet Company, Inc. d/b/a Brown Dodge Chrysler Jeep Ram and d/b/a Brown Ram Truck Center v. FCA US LLC,* Cause No. 18-01-24646-CV. In accordance with 28 U.S.C. § 1446(a), a copy of the Petition and all process, pleadings and orders are attached hereto as **Exhibit A**.

2.   In the Petition, Plaintiff has asserted claims against FCA for breach of contract and breach of the statutory duty of good faith and fair dealing under Tex. Occ. Code § 2301.478. *See* Petition attached as Exhibit A-1.

3. Plaintiff's claims against FCA concern ongoing, unresolved settlement negotiations between Plaintiff and FCA for the resolution of the dispute at issue in *Brown Chevrolet Company, Inc. v. Nyle Maxwell of Castroville, LLC, et al.*, SOAH Docket No. 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.LIC, a proceeding currently pending before the Texas New Motor Vehicle Board (the "Protest Proceeding").

## II. BASIS OF REMOVAL

4. This case is being removed under 28 U.S.C. §§ 1441(b) and 1446. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the alleged amount in controversy exceeds the sum of $75,000 and complete diversity of citizenship exists between all properly joined parties.

**A. The Claimed Amount in Controversy Satisfies the Jurisdictional Minimum under 28 U.S.C. § 1332(a).**

5. In this case, Plaintiff has alleged that the "monetary relief" it is seeking "exceeds $1,000,000." *See* Petition (Exhibit A-1) at p. 2. Because the Petition alleges damages in excess of $75,000, the amount in controversy satisfies the jurisdictional minimum under 28 U.S.C. § 1332(a). *See Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002)

**B. Complete Diversity of Citizenship Exists Among the Properly Joined Parties.**

6. Diversity of citizenship is determined by the citizenship of all parties as of the date of the filing of the original complaint. *See* 28 U.S.C. §§ 1332 and 1441.

7. The parties to this case are Plaintiff and FCA.

8. Plaintiff is, and was at the time the state court action commenced, a Texas corporation with its principal place of business located in the State of Texas. *See* Petition (Exhibit A-1) at p. 1 and **Exhibit B** (Texas Franchise Tax Public Information Report). Accordingly, Plaintiff is a citizen of Texas for purposes of determining diversity jurisdiction

under 28 U.S.C. § 1332(c)(1).

9. Defendant FCA is, and was at the time the state court action commenced, a Delaware limited liability company with its principal place of business located in the State of Michigan. *See* Delaware Secretary of State Entity Details attached hereto as **Exhibit C**. The sole member of FCA is FCA North America Holdings LLC, a Delaware limited liability company with its principal place of business located in the State of New York. The sole member of FCA North America Holdings LLC is Fiat Chrysler Automobiles N.V., a corporation organized and existing under the laws of the Netherlands with its principal place of business located in the United Kingdom. Accordingly, FCA is not a citizen of Texas for purposes of determining diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

10. With Plaintiff being a citizen of Texas and FCA a citizen of states other than Texas, there is complete diversity of citizenship between the parties to this lawsuit.

11. As set forth above, the Court has subject matter jurisdiction because this is a civil action in which the amount in controversy (exclusive of costs and interest) exceeds the sum of $75,000 and complete diversity of citizenship exists between the parties.

### III.  COMPLIANCE WITH REMOVAL STATUTES

**A. Proper Venue.**

12. The United States District Court for the Western District of Texas, San Antonio Division, encompasses Medina County, the county in which the state court action was filed. *See* 28 U.S.C. § 124. Therefore, this case is properly removed to this Court under 28 U.S.C. § 1441(a).

**B. Timeliness of Removal.**

13. FCA received a copy of the Petition on January 16, 2018. Because this Notice of

Removal was filed within 30 days after FCA's receipt of the Petition, this removal is timely under the provisions of 28 U.S.C. § 1446(b). No previous application has been made for the relief requested herein.

### C. Notice.

14. Pursuant to 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of Removal is being given to all parties and a copy of this Notice of Removal is being filed with the Medina County District Clerk.

## IV. DISCLOSURE OF RELATED LITIGATION PURSUANT TO LOCAL RULE 5.2

15. As mentioned above, the Protest Proceeding (*Brown Chevrolet Company, Inc. v. Nyle Maxwell of Castroville, LLC, et al.*, SOAH Docket No. 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.LIC) a proceeding currently pending before the Texas New Motor Vehicle Board (the "Protest Proceeding") is a pending legal proceeding related to the claims at issue in Plaintiff's Petition.

## V. NON-WAIVER OF DEFENSES

16. In removing this case to federal court, FCA has not waived any available defenses to the allegations asserted against it in the Petition and FCA has not admitted to any of the allegations set forth therein. FCA expressly reserves the right to assert all available defenses and to deny or otherwise answer each allegation in the Petition.

## VI. CONCLUSION AND PRAYER

17. As set forth above, all of the prerequisites for removal have been satisfied, and removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Accordingly, FCA respectfully requests that this lawsuit be removed to the United States District Court for the Western District of Texas, San Antonio Division.

Dated: February 15, 2018

        Respectfully submitted,

        */s/ John W. Chambless II*
        **John W. Chambless II, Esq.**
        Texas State Bar No. 00796334
        **Thompson, Coe, Cousins & Irons, LLP**
        701 Brazos, Suite 1500
        Austin, Texas 78701
        Telephone: (512) 708-8200
        Facsimile: (512) 708-8777
        Email: jchambless@thompsoncoe.com

        ~and~

        **Mark T. Clouatre, Esq.** (*Pro hac motion to be filed*)
        Texas State Bar No. 00793521
        Colo. State Bar No. 29892
        **Nelson Mullins Riley & Scarborough LLP**
        1400 Wewatta Street, Suite 500

        Denver, Colorado 80202
        Telephone: (303) 583-9900
        Facsimile: (303) 583-9999
        Email: mark.clouatre@nelsonmullins.com

        **ATTORNEYS FOR DEFENDANT FCA US LLC**

The undersigned certifies that a true copy of **NOTICE OF REMOVAL** was served upon the above-listed persons via U.S. Certified Mail this 15th day of February, 2018.

| | |
|---|---|
| Brandon L. Starling<br>Timothy D. Zeiger<br>Susan G. White<br>Shackelford, Bowen, McKinley & Norton, LLP<br>400 West 15th Street, Suite 404<br>Austin, TX  78701<br>Telephone:  512.469.0900<br>Facsimile:  512.469.0930<br>E-mail:    bstarling@shackelfordlaw.net<br>            tzeiger@shackelfordlaw.net<br>            swhite@shackelfordlaw.net<br><br>***Counsel for Plaintiff*** | |

*/s/ John W. Chambless II*
John W. Chambless II